State v. Mitchell

Affirmed.

Judges MORRIS and ARNOLD concur.

STATE OF NORTH CAROLINA v. JEROME MITCHELL

No. 775SC606

(Filed 17 January 1978)

1. **Criminal Law § 34.7— prior conviction—evidence of punishment—inadmissibility to show intent**

    The trial court did not err in excluding defendant's testimony on direct examination concerning the punishment imposed on him for a prior conviction, since such evidence was not relevant, as defendant contended, to show his intent or state of mind at the time of the commission of the crime charged.

2. **False Pretense § 3.2— jury instructions—burden of proof properly on State**

    In a prosecution for attempting to obtain property by false pretenses where defendant allegedly attempted to obtain goods with a counterfeit $100 bill, the trial court's instructions that the State must prove "that defendants knew the bill was false or had no reason to believe that it was a good bill" properly placed upon the State the burden of proving one of the elements of the crime charged.

APPEAL by defendant from *Walker (Hal H.), Judge*. Judgment entered 2 March 1977 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 29 November 1977.

Defendant was indicted on two counts of attempting to obtain property by false pretenses.

State's evidence tended to show that defendant by the use of a $100 counterfeit bill attempted to obtain merchandise from Sears and Rose's Stores.

Defendant's evidence tended to show that a co-defendant Muldrow won the fake $100 bill gambling on 18 January and on 19 January the two men went shopping; that Muldrow handed the bill to defendant after he had twice tried unsuccessfully to get it changed; and that defendant did not examine the bill and did not know that it was false.

In rebuttal, State presented evidence to the effect that both defendant and Muldrow had claimed at the time of their arrest that defendant had won the fake bill in gambling.

Defendant was convicted by a jury of both charges and from a consolidated sentence of imprisonment for a term of two to four years, defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Charles M. Hensey, for the State.*

*Parker, Rice & Myles, by Charles E. Rice III, for defendant.*

HEDRICK, Judge.

[1] Defendant assigns as error the trial court's exclusion of defendant's testimony on direct examination relative to the punishment imposed on him for a prior conviction. After testifying on direct examination to the time and place of a prior conviction, defendant was asked by his counsel, "and what sort of sentence did you receive?" The State's objection to this question was sustained. Defendant's counsel then asked, "Are you presently on parole or probation?" Again, the State objected and was sustained.

Defendant contends that the fact that he was on parole at the time of the alleged commission of the crime charged was relevant to his intent or state of mind at that time in that it tends to establish that defendant would not knowingly commit another crime and risk reactivation of a twenty-two (22) year prison term. In arguing that this evidence should have been admitted, defendant relies on the well-recognized rule that evidence tending to establish the requisite, specific intent of the accused is competent notwithstanding such evidence also discloses the commission of another offense, *see State v. Atkinson*, 275 N.C. 288, 161 S.E. 2d 241 (1969), and seeks to extend this rule to allow inquiry into the *punishment imposed* as a result of the former offense. We find no merit in this contention.

We find no controlling authority in North Carolina on this point. It is true that the rule permitting, for purposes of impeachment, cross-examination of witnesses with respect to their prior convictions has been extended to allow inquiry into the punishment imposed as a result of these convictions. *State v. Finch*, 293 N.C. 132, 235 S.E. 2d 819 (1977); *Ormond v. Crampton*, 16 N.C. App. 88, 191 S.E. 2d 405, *cert. denied*, 282 N.C. 304, 192 S.E. 2d 194 (1972). However, we do not think this rule lends support to

defendant's position in the instant case. The underlying purpose of the rule allowing a witness to be *cross-examined* with respect to prior convictions is separate and distinct from that allowing evidence to be elicited on *direct examination* which discloses the commission of another offense. *See State v. Williams*, 279 N.C. 663, 185 S.E. 2d 174 (1971); *State v. McClain*, 240 N.C. 171, 81 S.E. 2d 364 (1954). Under the former, evidence elicited goes to the credibility of the witness and is admitted for impeachment purposes only. *State v. Williams, supra*; 1 Stansbury's N.C. Evidence (Brandis Rev. 1973) § 112. However, under the latter rule—upon which defendant relies—the evidence is admissible, as substantive evidence, only if it tends to establish a material element of the crime charged. *State v. McClain, supra.*

Guided by these principles, we are of the opinion that any probative value the proffered testimony may have had was far outweighed by the distraction inherent in placing such details before the jury. Therefore, this evidence was irrelevant and properly excluded.

[2] Defendant further assigns as error the following portion of the court's charge:

". . . and third, that when the defendants presented that bill in payment for goods or in payments for any item worth any money from either of the stores they knew that it was false or *had no reason to believe that it was a good bill.*" (Emphasis added.)

Defendant contends that the emphasized portion of the instruction was erroneous in that it put the burden of proof on the defendant to show that he had reason to believe that the bill was good. He argues that the jury would be misled to think that, in order to acquit defendant, they must believe defendant's story as to how he got the bill. This contention is without merit.

The challenged instruction recited one of the elements which the court charged that the State must prove beyond a reasonable doubt before finding defendant guilty of attempting to obtain property by false pretense. It was the State, not the defendant, upon whom the court cast the burden. This burden, which the State was required to prove beyond a reasonable doubt, was "that defendants knew the bill was false or had no reason to believe that it was a good bill." We can see no burden resting on

the defendant as a result of the challenged instruction. This assignment of error is overruled.

We have carefully examined the remaining assignments of error and find them to be without merit.

In the trial we find no prejudicial error.

No error.

Chief Judge BROCK and Judge CLARK concur.